UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALEXANDER TABER,

          Plaintiff,

    v.

CASCADE DESIGNS, INC., *et al.*,

          Defendants.

Cause No. C20-1633RSL

ORDER TO SHOW CAUSE

This matter comes before the Court *sua sponte*. On November 5, 2020, defendants removed the above-captioned matter from King County Superior Court on the grounds that plaintiff seeks the recovery of benefits allegedly due under employee benefit plans governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Dkt. # 1 at 2. A review of the underlying complaint shows, however, that plaintiff has asserted state law wage claims and seeks damages under tort and contract law. Dkt. # 1-1.

Removal is proper if there is a federal question, and the plaintiff's well-pleaded complaint ordinarily determines whether a federal question is at issue. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983); *Lyons v. Alaska Teamsters Employer Serv. Corp.*, 188 F.3d 1170, 1171 (9th Cir. 1999). Presenting a federal question as a defense, such as ERISA preemption, "does not appear on the face of a well-pleaded complaint, and, therefore,

ORDER TO SHOW CAUSE - 1

does not authorize removal to federal court." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). If, however, adjudication of the state law claim would necessarily give rise to a conflict with ERISA or the state law claim is encompassed within the scope of the civil enforcement mechanisms of the federal law, the claim is deemed federal and justifies removal even if the federal issue is first raised as a defense and does not appear on the face of the complaint. *Abraham v. Norcal Waste Sys., Inc.*, 265 F.3d 811, 819 (9th Cir. 2001); *Lyons*, 188 F.3d at 1172.

Here the Complaint alleges twenty-six claims related to defendants' alleged withholding of wages in violation of Washington law, accounting and reporting errors, and plaintiff's retaliatory discharge. The Complaint does not facially assert any ERISA claims, and there does not appear to be any request for recovery from or benefits under an ERISA benefits plan. It appears, therefore, that this Court has original subject matter jurisdiction permitting removal only if ERISA completely preempts one or more of the state law claims asserted.

For all of the foregoing reasons, defendants are ORDERED TO SHOW CAUSE, on or before November 19, 2020, why this matter should not be remanded to state court. Defendants have the burden of showing that one of two circumstances exists, namely that "(1) ERISA expressly preempts the state law cause of action under 29 USC § 1144(a) (*i.e.* "conflict preemption") [or] (2) that cause of action is encompassed by the scope of the civil enforcement provision of ERISA, 29 USC § 1132(a) (*i.e.* "displacement"). *Abraham*, 265 F.3d at 819. Plaintiff may file a response by November 26, 2020. The Clerk of Court is directed to note this Order to Show Cause on the Court's calendar for Friday, November 27, 2020.

ORDER TO SHOW CAUSE - 2

1  Dated this 9th day of November, 2020.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER TO SHOW CAUSE - 3