UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEXANDRA TABER,<br><br>    Plaintiff,<br><br>  v.<br><br>CASCADE DESIGNS, INCORPORATED, *et al.*,<br><br>    Defendants. | Cause No. C20-1633RSL<br><br>ORDER DENYING DEFENDANTS' MOTION TO STRIKE AND GRANTING PLAINTIFF'S MOTION TO AMEND |

  This matter comes before the Court on defendants' "Motion to Strike Complaint in Favor of a Short and Plain Statement" (Dkt. # 9) and plaintiff's "Motion to Amend the Complaint" (Dkt. # 29). Defendants argue that plaintiff's complaint violates Fed. R. Civ. P. 8 because it is overlong at 55 pages and provides "redundant, confusing, and overly detailed allegations and alleged evidentiary support unnecessary to state a claim." Dkt. # 9 at 3. Defendant has not shown, however, that the length and/or detail of the allegations prevent the pleading from performing the essential functions of a complaint, namely to put defendants on notice of the conduct of which they are accused and the basis for plaintiff's claim for relief.

  Plaintiff has asserted seventeen causes of action and requests numerous forms of relief arising from seven months' of wage deductions that were not timely deposited into plaintiff's health savings account, the issuance of false pay records, the failure to make employer

ORDER - 1

contributions to the health savings account, the failure to take corrective action once errors were identified or to provide an accounting, additional improper withholdings and wage violations in the spring of 2018, the recharacterization of contributions in a way that triggered adverse tax consequences, other "corrective" measures that caused further damage, her wrongful termination, and the denial of severance payments. While there is no doubt that the complaint is lengthy, the allegations themselves are discrete and, for the most part, go to the pleading requirements of Rule 8. The first ten pages of the complaint are dedicated to the parties, jurisdiction, venue, and service. Plaintiff then provides a 32-page chronological narrative regarding defendants' actions over two years, allegations regarding duty, knowledge, and state of mind, the injuries plaintiff attributes to defendants' actions or inactions, and her termination. She then asserts claims based on state wage law, violations of ERISA, retaliatory discharge, and age and sex discrimination, providing some explanation for how the alleged facts support the claim asserted.

Defendants are not entitled to a complaint of their liking or of their preferred length. Given the number of claims asserted, the nature of the wage and ERISA claims, and the many forms of relief requested, it is not surprising that the complaint is lengthy. The Court finds that the original pleading was not unusually defective (notwithstanding certain editing failures) and that striking the pleading would not "secure the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1.[1] Plaintiff now seeks to amend her complaint to correct some of the drafting errors contained in the original and to add COBRA-notice related claims and additional

---

[1] In reply, defendants argue that the original complaint violates the federal rules of discovery because defendants will have to admit or deny "hundreds of discrete factual, evidentiary allegations." Dkt. # 26 at 5. No citations are provided for this extraordinary and untimely argument.

ORDER - 2

parties. Defendants' only objection is that the proposed amended pleading is still too long. The objection is overruled.

For all of the foregoing reasons, defendants' motion to strike the original complaint (Dkt. # 9) is DENIED and plaintiff's motion to amend (Dkt. # 29) is GRANTED. Plaintiff's request for an award of fees and costs is DENIED. Plaintiff shall file her First Amended Complaint within seven days of the date of this Order.

Dated this 1st day of February, 2021.

*MVT S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER - 3