UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEXANDRA TABER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CASCADE DESIGNS, INCORPORATED, DAVID BURROUGHS, JOHN BURROUGHS, JOHN GEVAERT, JAMES COTTER, ERIC HOBBS, STEVE MCCLURE, HARRY ROSS, JANE/JOHN DOES 1 THROUGH 10, and the marital community of each non-business Defendant, CASCADE DESIGNS, INC. OPEN ACCESS PLUS IN-NETWORK MEDICAL BENEFITS, CASCADE DESIGNS, INC. WELFARE BENEFITS PLAN,<br><br>　　　　　　Defendants. | CASE NO. 2:20-cv-01633-TL-BAT<br><br>**ORDER DENYING MOTION TO REOPEN DISCOVERY AND TO AMEND THE SCHEDULING ORDER** |

　　Plaintiff Alexandra Taber moves for an extension of time to complete discovery "to take obstructed depositions." Dkt. 152. Plaintiff also filed a document entitled "Supplemental Briefing" (Dkt. 154). In the latter document, Plaintiff asks the Court to extend the dispositive motions deadline and reset the trial date. *Id.* Defendants (collectively "Cascade") oppose the motion and move to strike Plaintiff's "Supplemental Briefing." Dkt. 156.

　　Having considered all pleadings filed and for the reasons explained herein, the Court denies Plaintiff's motion.

ORDER DENYING MOTION TO REOPEN
DISCOVERY AND TO AMEND THE
SCHEDULING ORDER - 1

Facts Relevant to Motion

A.     Plaintiff's Allegations

In July 2020, Plaintiff filed a 56-page Complaint, naming seven individual defendants and asserting 480 allegations. Dkt. 1-1. In 2017, Plaintiff elected to contribute $6,300 to her HSA account; Cascade was to contribute $600. Dkt. 85 at 15, 26. Cascade deposited these amounts into Plaintiff's HSA account but due to banking errors did so shortly after the 2017 contribution deadline. Dkts. 59 at 2-3; 60 at 1-3. In 2018, Cascade compensated Plaintiff $8,545.77 for damages Taber claimed this late deposit caused her, including lost interest. Dkt. 64 at 5, 10, 20. Plaintiff contends the late HSA contribution constitutes unlawful wage withholding, and seeks extensive damages, penalties, and fees. Two years later, Plaintiff was laid off as part of a reduction in force. Dkt. 91 at 37. Plaintiff claims this termination was wrongful, either because she complained about the HSA account errors or because of her age or gender.

All six witnesses Plaintiff sought to depose in the last few days before the discovery deadline were known to Plaintiff at the time the Complaint was filed almost three years ago. *See* Dkt. 1-1 (Cascade and Mr. Hobbs are named defendants); p. 13 (allegations involving Mr. Sarchett); p. 30 (allegations involving Mr. Yanak); p. 30 (allegations involving Ms. Taylor), and p. 24 (allegations involving Ms. Gould).

B.     Court's Case Schedule; Discovery Deadline

On January 28, 2022, discovery was stayed pending a ruling on Cascade's motion for partial summary judgment. Dkt. 113. At that time, the Amended Scheduling Order set a discovery deadline of February 6, 2022. Dkt. 74. After partially granting Defendants' motion and dismissing several of Plaintiff's claims, the Court lifted the stay on discovery on July 26, 2022, and directed the parties to file a joint status report. Dkt. 121. The parties filed a Joint Status

Report on August 2, 2022. Dkt. 126. On August 17, 2022, the Court issued the Second Amended Scheduling Order, resetting the discovery deadline as April 17, 2023 (providing an additional eight months of discovery) and the dispositive motions deadline as May 8, 2023. The Court also set a 5-day jury trial for September 11, 2023. Dkt. 128. At the time of this Order, all parties have complied with the dispositive motion deadline. *See* Dkts. 162, 167, and 170.

C.     <u>Plaintiff's Deposition Notices</u>

    1.     <u>Corporate Representative Deposition</u>

On April 3, 2023, over seven months after the amended case schedule was issued and only two weeks before the discovery deadline, Plaintiff served a Fed. R. Civ. P. 30(b)(6) notice requesting to depose a corporate representative of Cascade on April 13th (eight business days after the deposition was noted), which included twenty-five broad areas of inquiry. Dkt. 157, Declaration of Scott Prange ("Prange Decl.") at ¶ 3, Exs. A-B. On April 5th, Cascade notified Plaintiff it was preparing objections to the notice. *Id*. at ¶ 4 Ex. C. On April 14th, Cascade served objections and advised its corporate representative was travelling overseas for the next couple of weeks. *Id*. at ¶ 5, Exs. D-E. Plaintiff acknowledges receipt of the objections. Dkt. 159, Second Declaration of John Barton, at ¶ 5. According to Cascade, Plaintiff has not requested to confer regarding this deposition. Dkt. 57, Prange Decl., at ¶ 6.

    2.     <u>Individual Depositions</u>

Also on April 3, 2023, Plaintiff noted depositions of five individuals, including Defendant Hobbs and four additional witnesses – Sarchett, Yanak, Taylor, and Gould, to be conducted within six to seven business days of the notices. *Id*. at ¶¶ 3, Ex. A, and 7, Ex. F.

On April 7th, Cascade emailed Plaintiff and confirmed Ms. Gould would be available on April 12th as requested (and could also be available on April 13th). *Id*. at ¶ 4, Exs. A and C. On

April 10th, Plaintiff's counsel emailed to say he was no longer available on April 12th, although he previously noted two depositions for that day. *Id*. at ¶ 8, Ex. G. On April 12th, Cascade emailed Plaintiff and confirmed Mr. Hobbs was not available prior to the discovery deadline; Ms. Sarchett was available April 17th; Ms. Gould was still available on April 13th; and Mr. Yanak was also available April 13th. *Id*. at ¶ 9, Ex. H. Cascade provided Plaintiff with Ms. Taylor's last known address as she was not an employee and no party had previously identified her as a potential witness. *Id.*, at ¶ 7, Ex. F.

On April 12, 2023, Plaintiff's counsel stated he preferred to take the Rule 30(b)(6) deposition before taking the individual depositions, and the notice Cascade provided regarding witness availability was, in his mind, "too short" (although Plaintiff's counsel had noted the depositions on these dates). *Id*. at ¶ 10, Ex. I. On Friday, April 14th, after a brief meet and confer, Plaintiff's counsel confirmed at 4:00 p.m. he would take Ms. Sarchett's deposition on Monday April 17, 2023. *Id*. at ¶ 11. Plaintiff has taken no other depositions.

## DISCUSSION

Plaintiff's motion was noted for May 5, 2023, eighteen days after the discovery deadline expired and just three days before the deadline for filing dispositive motions. Dkt. 152. In a "Supplemental Briefing" filed two days after the instant motion, Plaintiff asked the Court to extend the dispositive motions deadline (May 8, 2023) and trial (September 11, 2023).[1] According to counsel for Cascade, the parties never met or conferred regarding a trial continuance or extension of any other attendant deadlines. Dkt. 157, Prange Decl. at ¶ 12.

---

[1] Neither the LCR nor this Court's Standing Order for All Civil Cases authorizes Plaintiff's Memorandum or "Supplemental Briefing." Dkt. 154.

ORDER DENYING MOTION TO REOPEN
DISCOVERY AND TO AMEND THE
SCHEDULING ORDER - 4

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). "When ruling on a Rule 16 motion to reopen discovery, the Court must consider 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *Silbaugh v. Buttigieg*, No. C17-1759RSM, 2021 WL 3602843, at *2 (W.D. Wash. May 25, 2021) (citing *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017)) (quoting *United States ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995), *cert. granted in part*, 519 U.S. 926 (1996) *vacated on other grounds*, 520 U.S. 939 (1997)). The standard "primarily considers the diligence of the party seeking the amendment." *Silbaugh*, No. C17-1759RSM, 2021 WL 3602843, at *2 (quoting *Johnson*, 975 F.2d at 609). If the party seeking the amendment was not diligent, the inquiry should end. *Johnson*, 975 F.2d at 609.

Local Civil Rule 16(m) states that "this rule will be strictly enforced" to "accomplish effective pretrial procedures and avoid wasting the time of the parties, counsel, and the court." While prejudice to the party opposing the modification may provide additional reasons for denying the motion, it is not required to deny a motion to amend under Rule 16(b). *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000).

Where, as here, a motion is made to extend deadlines after the deadlines have expired, the party seeking the extension must show excusable neglect in bringing the untimely motion. *See*

Fed. R. Civ. P. 6(b)(1)(B). "It is significant when a party is seeking to re-open discovery rather than extend the discovery deadline." *W. Towboat Co. v. Vigor Marine, LLC*, No. C20-0416-RSM, 2021 WL 1923422, at *5 (W.D. Wash. May 13, 2021) (citing *Leonard v. Denny*, No. 12-cv-0915, 2018 WL 2949852, *2 (E.D. Cal. June 13, 2018)). "The difference [between the two types of requests] is considerable because a request for an extension acknowledges the importance of a deadline, [while] a retroactive request suggests that the party paid no attention at all to the deadline." *Id*. (alteration in original) (quoting *W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1524 (9th Cir. 1990)). *See also*, LCR 7(j) (motion for relief from deadline should be filed in advance of the deadline and an extension should only be granted if a "true, unforeseen emergency exists that prevents a party from meeting a deadline, and the emergency arose too late to file a motion for relief from the deadline." LCR 7(j); *W. Coast Theater*, 897 F.2d 1519 at 1524.

     Here, Plaintiff asks the Court to reopen discovery and filed her motion after the discovery deadline of April 17, 2023. However, Plaintiff has identified no true emergency and has failed to show good cause or excusable neglect. Plaintiff has not been diligent in seeking an amendment to the Court's scheduling order and has not been diligent in pursuing the depositions of the six witnesses, all of whom were specifically identified in her complaint three years ago. However, Plaintiff contends Cascade "obstructed" her efforts to schedule the depositions.

     Plaintiff argues it was Cascade who acted in bad faith and "obstructed" her ability to conduct these depositions and to file a timely motion. *See* Dkt. No. 152 at p. 4-5. There is no evidence of any "obstruction." Plaintiff has known of the witnesses for three years or more and was aware of the discovery deadline (which had already been extended once), but she failed to note a single deposition until *less than two weeks* before the discovery deadline.

1    Plaintiff provides several reasons for her delay in diligently pursuing this discovery. First,
2  Plaintiff argues Cascade was not diligent in providing "written discovery responses." *See* Dkt.
3  152 at p. 2-4. However, this Court denied Plaintiff's discovery motions (Dkt. 155) and Plaintiff
4  concedes Cascade provided full supplemental responses to all discovery requests more than two
5  months before the discovery deadline. Dkt. 152 at p 5:1-11 (Cascade supplemented responses on
6  February 21 and March 31, 2023).
7    Next, Plaintiff argues Cascade knew all along she wanted to schedule these depositions
8  because the intent to do so was stated in the parties' January 26, 2021, Joint Status Report (Dkt.
9  158, p. 2). However, a statement of intent in a joint status report is not action and there is no
10 evidence Plaintiff took any steps to schedule any depositions at that time.
11   Plaintiff also argues counsel asked for deposition dates just prior to the filing of the
12 August 2, 2022 Joint Status Report (*see* Dkt. 126), but Cascade asked that the parties discuss
13 mediation before spending money on discovery. Dkt. 159, Barton Decl., ¶ 8. Following the filing
14 of the Joint Status Report, the Court gave the parties an additional eight months to complete
15 discovery. Dkt. 128. However, it appears Plaintiff did not follow up on the request to schedule
16 depositions for the next seven months. If, in fact, Plaintiff was making good faith effort to
17 complete discovery and Cascade was "obstructing" those efforts, Plaintiff could have filed a
18 motion with the Court at any time since August of last year. Instead, she waited to do so until
19 after the discovery deadline had passed and the dispositive motions deadline was looming.
20   Plaintiff's counsel next asserts that about seven months later (after the August 2, 2022
21 Joint Status Report), he sent Cascade's counsel an email requesting deposition scheduling. Dkt.
22 153, Barton Decl., ¶¶ 12, 13; Ex. 1. The email refers to a meet and confer for February 6, 2023,
23 to discuss discovery responses and "deposition scheduling" and states Plaintiff's position on

ORDER DENYING MOTION TO REOPEN
DISCOVERY AND TO AMEND THE
SCHEDULING ORDER - 7

mediation. *Id.* It is unclear if the parties met and conferred or discussed deposition scheduling. Plaintiff's counsel provides no explanation for waiting seven months before requesting to confer on deposition scheduling or again, why he did not simply note the depositions.

Next, Plaintiff avers Cascade rejected his request to set a date for the Rule 30(b)(6) deposition during a discovery conference on March 3, 2023. Dkt. 153, Barton Decl., ¶ 14. Plaintiff acknowledges Cascade asked Plaintiff to serve a deposition notice that included all of Plaintiff's proposed deposition topics. *Id.* Plaintiff did not do so until a month later.

Plaintiff also suggests she stipulated to extend the discovery deadline to conduct her deposition to be accommodating. *See* Dkt. No. 152 at p. 7:1-10. For over five months, since November 2022, Cascade noted Plaintiff's deposition four times. Each time, Plaintiff was unavailable, and her deposition was re-noted. Dkt. 157, Prange Decl. at ¶ 13. After the third noting of Plaintiff's deposition for March 13, 2023, Plaintiff said she was unable to attend until April 25th (after the discovery deadline) and for this reason, she stipulated to an extension of the discovery deadline (for her deposition only). Despite representing she was unavailable until after April 25th, Plaintiff attended the full-day deposition of Ms. Sarchett on April 17th. *Id*.

When Plaintiff finally noted the depositions, she noted all six within days before the discovery deadline and one of the notices was for a corporate representative deposition with over 25 widely broad categories of inquiry. Cascade was able to coordinate three of the depositions but Plaintiff agreed to only one of these dates even though she had proposed the dates originally.

Plaintiff also complains that Cascade refused to make any witnesses available after the discovery deadline even though their objections to the Rule 30(b)(6) deposition notice were not served until 3:08 PM two days before the discovery deadline expired (Dkt. 158 at p. 4), which "implied" Cascade would present a corporate witness after objections were resolved. Dkt. 158 at

ORDER DENYING MOTION TO REOPEN
DISCOVERY AND TO AMEND THE
SCHEDULING ORDER - 8

p. 4. Plaintiff reasons that if Cascade needed to meet and confer regarding the Rule 30(b)(6) deposition but would not offer a witness to sit for the deposition after the discovery deadline, there was no reason for Plaintiff to negotiate the content of the 30(b)(6) notice. This argument is specious as Plaintiff created the impossibility of complying with the discovery deadline by waiting until the last possible moment before serving a corporate designee notice containing 25 very broad areas of inquiry, which Cascade was seeing for the first time. *See also*, Dkt. 157, Ex. D. Additionally, Cascade requested Plaintiff send the notice with areas of inquiry during the parties' discovery conference a month earlier, on March 3, 2023. Dkt. 153, Barton Decl., ¶ 14.

The Court concludes Plaintiff has not been diligent in obtaining discovery. The April 17, 2023 discovery deadline was set over eight months ago and there was no foreseeability of a need for additional time in light of the ample time the parties had to complete discovery. If Cascade was indeed "obstructing" Plaintiff's ability to take needed discovery, she could have filed a motion to compel with the Court well before the discovery deadline.

Other factors also weigh against amending the scheduling order – the request is opposed; Cascade will be prejudiced as to their right to timely and orderly dispose of this case after nearly three years; the parties have already filed dispositive motions, and the September 11th trial date has been set for well over a year. *See* Dkt. No. 128. If the Court were to reopen discovery at this late date, a new dispositive motion date would have to be set and a new trial date would likely be necessary, prejudicing Defendants' rights in timely adjudicating this case, which has been pending for almost three years. *See Sagdai v. Travelers Home & Marine Ins. Co.*, No. 2:21-CV-00182-LK, 2022 WL 17403445, at *3 (W.D. Wash. Dec. 2, 2022); *W. Towboat Co.*, 2021 WL 1923422, at *7 (holding even "the likelihood of discovering new evidence does not outweigh the remaining factors that weigh strongly against reopening discovery.")

ORDER DENYING MOTION TO REOPEN
DISCOVERY AND TO AMEND THE
SCHEDULING ORDER - 9

A plaintiff cannot ignore litigation "until the last possible moment, creating an unnecessary and unmanageable time crunch at the very end of discovery," and then claim there is good cause to reopen discovery on matters which could have been resolved had she "cared to look." *USI Ins. Servs. Nat'l, Inc. v. Ogden*, No. C17-1394RSL, 2018 WL 5886455, at *2 (W.D. Wash. Nov. 9, 2018); *See Johnson*, 975 F.2d at 609 (rejecting plaintiff's request to reopen discovery for lack of good cause where plaintiff failed to depose defendant who had been disclosed and known in advance of cutoff); *see also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002) (rejecting plaintiff's request to reopen discovery for lack of good cause where plaintiff simply failed to conduct discovery prior to deadline).

Plaintiff has not shown excusable neglect for failing to bring this motion before expiration of the discovery deadline, and she has not shown good cause for amending the Court's scheduling order to reopen discovery, reschedule the dispositive motions deadline, or reset the trial date. Plaintiff has not properly explained why she could not have deposed the witnesses, which were known to her since the filing of her Complaint, within the past three years. Accordingly, Plaintiff's motion (Dkt. 152) is **denied**.

DATED this 10th day of May, 2023.

BRIAN A. TSUCHIDA
United States Magistrate Judge