UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEXANDRA TABER,<br><br>          Plaintiff,<br>     v.<br><br>CASCADE DESIGNS, INC., et al.,<br><br>          Defendants. | CASE NO. 2:20-cv-01633-TL<br><br>ORDER ON MOTION FOR RECONSIDERATION |

This matter is before the Court on Plaintiff's Motion to Reconsider Rulings in the Corrected Order on Motions for Summary Judgment. Dkt. No. 190. Having reviewed Defendants' response (Dkt. No. 193) and the relevant record, the Court DENIES the motion.

**I.     BACKGROUND**

The Court assumes familiarity with the facts of the case. Relevant to this motion, on December 11, 2023, the Court issued a corrected order on the Parties' motions for summary judgment. Dkt. No. 188. On December 22, 2023, Plaintiff filed the instant motion for reconsideration that asserts four errors in the Court's order. Dkt. No. 190. Defendants filed a response at the Court's request. Dkt. No. 193.

## II. LEGAL STANDARD

"Motions for reconsideration are disfavored." LCR 7(h)(1). Such motions must be denied absent a showing of "manifest error in the prior ruling or . . . new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* Motions for reconsideration should be granted only in "highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). "A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Id.* (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

## III. DISCUSSION

In her motion, Plaintiff asserts four errors in the Court's prior order on summary judgment: (1) the Court erred in finding that employer contributions to a health savings account ("HSA") are not wages under the Washington Wage Rebate Act ("WRA"), RCW 49.52.050 and 49.52.070, and the Seattle Wage Theft Ordinance ("SWTO"), SMC 14.20.090 (Dkt. No. 190 at 2–7); (2) the Court erred in dismissing Plaintiff's contract claims (*id.* at 7); (3) the Court erred in denying summary judgment against Defendants' accord-and-satisfaction defense (*id.* at 7–8); and (4) the Court erred in finding that Plaintiff did not plead a claim for wrongful termination in violation of public policy (*id.* at 8–9). The Court considers each in turn, mindful of the stringent standard of "manifest error" that governs all motions for reconsideration. LCR 7(h)(1); *Maryln Nutraceuticals,* 571 F.3d at 880.

ORDER ON MOTION FOR
RECONSIDERATION - 2

### A. Employer Contributions to HSA Account

In its prior order, the Court held that Defendant Cascade Designs, Inc.'s quarterly contributions to Plaintiff's HSA account do not qualify as "wages" under the WRA or "compensation" under the SWTO. *See* Dkt. No. 188 at 13, 14. Plaintiff argues that this ruling is in error, mustering various legal and policy arguments in favor of a different holding. *See* Dkt. No. 190 at 3–7. But in doing so, Plaintiff cites to authorities that were not previously identified (except in one instance[1]) yet could have been brought to the Court's attention in the original briefing. Moreover, these authorities are either not controlling or do not squarely address the issue presented. While Plaintiff makes reasonable arguments on an issue of first impression, the standard on a motion for reconsideration is not whether the Court simply "got it wrong," as it were, but whether the movant can show "manifest error" in the Court's decision. Plaintiff has not done so. Therefore, as to an employer's HSA contributions, Plaintiff's motion is DENIED.

### B. Contract Claim

In its prior order, the Court granted summary judgment to Defendants on Plaintiff's claim for breach of contract, noting that Plaintiff "cites to no evidence in the record of an 'employment contract' or 'HSA contract,' let alone a breach of that contract." Dkt. No. 188 at 29. Plaintiff argues that this ruling is in error as to both an "oral employment contract" and a "written HSA contract." Dkt. No. 190 at 7. Plaintiff now cites two exhibits attached to a declaration in support of her motion for partial summary judgment. *Id.* But "[j]udges are not like pigs, hunting for truffles buried in briefs" or the record. *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (alteration in original) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)); *see also, e.g.*, *In re EPD Inv. Co., LLC*, 595 B.R. 910, 912 (C.D. Cal. 2018)

---

[1] Plaintiff also cited *Flower v. T.R.A. Industries* in her reply in support of her motion for partial summary judgment. 111 P.3d 1192 (2005); *see* Dkt. No. 184 at 9.

ORDER ON MOTION FOR
RECONSIDERATION - 3

(denying motion for reconsideration where movant did not cite to proof in original briefing). Motions for reconsideration are to show new facts "which could not have been brought to [the court's] attention earlier with reasonable diligence." LCR 7(h)(1). Plaintiff chose to address her contract claim in only one sentence that was unsupported by *any* legal or factual citations, let alone the record citations provided here. The Court was (and still is) not obligated to troll through the record to do Plaintiff's work for her.

Plaintiff also asks that, given the Court dismissed the wage claim regarding the $600 employer contribution and both contract claims, "[h]ow can Taber recover this money?" Dkt. No. 190 at 7. But Plaintiff chose to frame and pursue the delayed employer contribution as a wage issue, and she chose to argue the contract claim in a single sentence. Plaintiff now must lie in the bed as she made it. Therefore, as to the contract claim, Plaintiff's motion is DENIED.

C.     **Accord-and-Satisfaction Defense**

In its prior order, the Court denied Plaintiff's motion for summary judgment on Defendant's accord-and-satisfaction defense because there was still a genuine dispute of material fact "as to whether there was an agreement that made Plaintiff whole." Dkt. No. 188 at 30 (citing Dkt. No. 119 at 15–18). Plaintiff argues that this ruling is in error because the Court did not consider "whether the specific individual claims and damages remaining in the case" were subject to this defense. Dkt. No. 190 at 7. Plaintiff raises three categories of damages for "wrongfully withheld wages" and three categories of damages for "wrongful and retaliatory discharge." *Id.* at 8.

As an initial matter, Plaintiff moved for summary judgment on Defendants' accord-and-satisfaction defense only as it applies to "Plaintiff's wage claims" and "wage-claim damages." Dkt. No. 170 at 21. Plaintiff cannot now expand the scope of her motion to include termination claims and damages.

Further, as to the wage claims, Plaintiff's argument—that the $8,545.77 paid to Plaintiff by Defendant CDI was only for its "failure to deposit wages into [Plaintiff's] HSA" and not for double damages or emotional distress damages (Dkt. No. 190 at 8)—is simply a restatement of the genuine dispute of material fact this Court already identified in a prior order. *See* Dkt. No. 119 at 15–18. Here, there is a dispute over wages, and the Parties disagree as to whether Defendant CDI's payment (and Plaintiff's acceptance) was "an agreement to settle that dispute (accord)." *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 712 (9th Cir. 1990). Therefore, as to Defendants' accord-and-satisfaction defense, Plaintiff's motion is DENIED.

**D.     Termination Claim**

In its prior order, the Court observed that Plaintiff did not plead a tort claim for wrongful termination in violation of public policy and thus disregarded her arguments as to such a claim. *See* Dkt. No. 188 at 25 n.9. Plaintiff argues that this ruling is in error "by failing to give meaning" to the words "wrongful and" in the complaint. Dkt. No. 190 at 8.

Plaintiff's termination claim (Count 18)[2] is titled "Wrongful Discharge *in Retaliation* for Making Wage Claim." Dkt. No. 123 at 59 (emphasis added). Plaintiff alleges that "The Employer Defendants retaliated against Taber in violation of" various state and federal statutes *"by wrongfully terminating* [Plaintiff] *in retaliation* for making a wage claim." *Id.* ¶ 5.36 (emphases added). "As a result of the Employer Defendants' wrongful and retaliatory discharge," Plaintiff alleges various damages. *Id.* ¶ 5.37. In the following claim titled "Emotional Damages Caused by Retaliatory Denial of Severance Payment and Retaliatory Discharge" (Count 19), Plaintiff alleges that the retaliation she experienced entitles her to emotional

---

[2] Defendant argues that Plaintiff did not oppose the dismissal of the wrongful discharge claim (Dkt. No. 193 at 11), but Plaintiff did not oppose the dismissal of the wrongful discharge claim based on age and gender discrimination in Count 21, not the claim in Count 18. Dkt. No. 175 at 1.

damages "pursuant to" state and federal statutes. In yet another following claim titled "An Injunction to Prevent Future Retaliation" (Count 20), Plaintiff seeks injunctive relief "pursuant to" state and federal statutes. *Id.* ¶ 5.40. In sum, Plaintiff makes repeated references to specific state and federal statutes as a basis for a retaliation claim, and she titles her claims accordingly. Further, Plaintiff alleged "Wrongful Discharge and Age and Gender Discrimination" in Count 21 (which she agreed to dismiss), demonstrating that Plaintiff knew how to plead separate wrongful discharge claims.

Of course, "[w]here a claim is not fully articulated in the complaint, it is sufficient that the 'complaint and subsequent filings provide [defendants] with "fair notice" of that claim[.]'" *Bacon v. Dep't of Human Servs.*, No. 22-35142, 2023 WL 2755592, at *1 (9th Cir. Apr. 3, 2023) (quoting *Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008) and citing Fed. R. Civ. P. 8(e), 8(d)(1)). But here, the words "wrongful and" cannot bear the meaning Plaintiff gives them, considering the surrounding text in the complaint. "Fairly read, the heading and contents" of Count 18 and the related counts allege only statutory claims for retaliation. *Id.* Plaintiff's single, fleeting reference to "wrongful termination for demanding her wages" in a response to the Court's order to show cause regarding a notice of removal (*see* Dkt. No. 14 at 1) does not cure this failure of notice.

Finally, Plaintiff is represented by counsel and is not proceeding *pro se*; she has had ample opportunity during this multi-year litigation to amend her complaint to properly articulate the tort claim she now asserts. Her failure to do so is not the Court's "manifest error." Therefore, as to the termination claim, Plaintiff's motion is DENIED.

//

//

//

ORDER ON MOTION FOR
RECONSIDERATION - 6

## IV. CONCLUSION

Accordingly, Plaintiff's Motion to Reconsider Rulings in the Corrected Order on Motions for Summary Judgment (Dkt. No. 190) is DENIED.

Dated this 22nd day of January 2024.

Tana Lin
United States District Judge

ORDER ON MOTION FOR
RECONSIDERATION - 7